[894 NYS2d 887]

In the Matter of WARREN E. HAMBURGER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 2, 2010

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Stacy J. Sharpelletti* of counsel), for petitioner.

*Long, Tuminello, Besso, Seligman, Werner, Johnston & Sullivan, LLP*, Bay Shore (*David H. Besso* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

In or about February 2009, a superior court information was filed in the County Court, Suffolk County, charging the respondent with four counts of grand larceny in the second degree, in violation of Penal Law § 155.40, a class C felony. The respondent executed a waiver of indictment by which he consented to prosecution by the superior court information. On February 19, 2009, the respondent entered a plea of guilty to four counts of grand larceny in the second degree set forth in the information before the Honorable C. Randall Hinrichs. He was sentenced on November 2, 2009, to a term of incarceration of 1 to 3 years and restitution in the sum of $1,009,613. During the plea allocution, the respondent admitted that between April 1, 2005 and August 31, 2008, he was entrusted with the following sums: $234,000 on behalf of Julie Alli, $294,000 on behalf of Irene Cronin, $230,000 on behalf of Cynthia Baranski, approximately $250,000 to $300,000 on behalf of Louis Hanrahan and Joseph Hanrahan, and $17,000 by Keenan Associates. Although he was supposed to maintain those funds in his escrow account, the respondent failed to do so. He did not have the permission of any of his clients to use those funds for his own benefit.

The respondent's counsel has submitted an affirmation acknowledging his conviction but requesting that the Court note that the respondent's plea and conviction occurred on February 19, 2009, the day on which the seven-year period after which the Court is authorized, upon appropriate application by the respondent, to vacate or modify the order of disbarment begins.

Pursuant to Judiciary Law § 90 (4), an attorney is automatically disbarred upon his conviction of a felony and ceases to be an attorney. Having ceased to be an attorney upon his conviction, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys is granted based on his disbarment, effective February 19, 2009.

Prudenti, P.J., Mastro, Rivera, Skelos and Dillon, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Warren E. Hamburger, is disbarred, effective February 19, 2009, and his name is now stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Warren E. Hamburger, shall comply with this Court's rules governing the conduct of

disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Warren E. Hamburger, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and its is further,

Ordered that if the respondent, Warren E. Hamburger, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).